J-A13028-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ROBERT SPIVEY | : | |
| | : | |
| Appellant | : | No. 1823 EDA 2021 |

Appeal from the PCRA Order Entered August 27, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0000470-2012

BEFORE:  OLSON, J., DUBOW, J., and KING, J.

MEMORANDUM BY DUBOW, J.:　　　　　　**FILED SEPTEMBER 14, 2022**

Appellant, Robert Spivey, appeals from the August 27, 2021 Order and Opinion that dismissed as untimely his second petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46.  Upon review, we affirm.

On March 8, 2013, a jury convicted Appellant of First-Degree Murder and Carrying a Firearm in Public in Philadelphia for the shooting death of Alonzo Guy while both men were allegedly involved in selling illegal drugs in the same neighborhood.  On April 1, 2013, the court sentenced him to a term of life imprisonment without parole.[1]  This Court affirmed Appellant's judgment of sentence on February 21, 2014, and Appellant did not file a petition for allowance of appeal with the Pennsylvania Supreme Court.  ***See***

---

[1] The court also imposed a concurrent sentence of one to two years' imprisonment for the firearms charge.

***Commonwealth v. Spivey***, 97 A.3d 809 (Pa. Super. 2014) (unpublished memorandum).  Thus, Appellant's judgment of sentence became final on March 23, 2014, when the thirty-day period to seek review with the Supreme Court expired.  ***See*** 42 Pa.C.S. § 9545(b)(3).

Appellant filed his first PCRA petition on September 8, 2014, which failed to garner him relief.

On March 13, 2020, Appellant filed the instant PCRA petition, his second, almost six years after his judgment of sentence became final.  On July 14, 2020, the PCRA court appointed counsel and, on November 5, 2020, Appellant filed an amended counseled PCRA petition.  In his petition and amended petition, Appellant alleged that three previously unavailable eyewitnesses to the shooting were now available to testify, including: Marquise Lawrence, Antoine Wilson, and Quinzell Anderson.  Appellant averred that these witnesses, if called to testify, would support his claim that he shot the victim in self-defense.  In support, Appellant appended to his petition a summary of an interview with Lawrence and a signed affidavit and interview from Wilson. Appellant acknowledged the patent untimeliness of his petition but invoked the "newly discovered facts" exception to the PCRA time-bar.  ***See*** 42 Pa.C.S. § 9545(b)(1)( ii).

On May 28 and July 6, 2021, the PCRA court conducted a bifurcated hearing on Appellant's petition.  The PCRA court heard testimony from Appellant, Lawrence, and Wilson, all of which the PCRA court found to be not

credible. Additionally, the court heard testimony from William Klein, Appellant's investigator.

Relevant to this appeal, as summarized by the PCRA court in its Order and Opinion, Appellant testified that he knew all three proposed witnesses and that they were present at the shooting. Appellant explained that he had known Lawrence his entire life because they both lived on the same street and was aware that police attempted to interview Lawrence, but that Lawrence refused to give a statement.

Appellant also testified that he knew both Wilson and Anderson through their mutual participation in a work-release program but only knew their nicknames, "Twizz" and "Freak," respectively. Appellant stated that he learned Wilson's legal name in 2017 and Appellant's wife reached out to Wilson, who refused to participate in post-conviction proceedings until 2019 when Appellant hired an investigator to pursue a federal *habeas corpus* petition.

Appellant further testified that Anderson came to visit him while he was imprisoned and awaiting trial. Appellant explained that he told Anderson that Appellant's attorney might ask him to testify at trial but failed to obtain Anderson's legal name or contact information. Appellant stated he met a fellow inmate who knew Anderson and was able to arrange another prison visit in 2020, when he asked Anderson to testify, and Anderson agreed. **See** PCRA Ct. Op., filed 8/27/21, at 4-7.

After hearing the evidence, the PCRA court found that Appellant failed to plead and prove an applicable exception to the PCRA's jurisdictional time-bar. Specifically, the court found that Appellant failed to demonstrate due diligence to ascertain cooperation from all three witnesses and failed to raise his claim regarding Wilson in a timely manner as required by 42 Pa.C.S §§ 9545(b)(1)(i-iii), (b)(2). Accordingly, on August 27, 2021, the PCRA court issued an Order and Opinion, which dismissed Appellant's petition as untimely.

Appellant timely appealed. Appellant filed a court-ordered Pa.R.A.P. 1925(b) statement and the PCRA court relied on its August 27, 2021 Order and Opinion in lieu of a Rule 1925(a) opinion.

Appellant raises the following issues for our review:

1. The PCRA court erred in concluding that Appellant failed to meet either the after-discovered or newly[]discovered evidence exceptions to the PCRA time-bar.

2. The PCRA court erred in concluding that the testimony of witnesses Wilson, Lawrence[,] and Anderson would not have compelled a different outcome or a finding of lesser culpability at trial.

Appellant's Br. at 4 (some capitalization omitted).

We review the denial of a PCRA Petition to determine whether the record supports the PCRA court's findings and whether its order is otherwise free of legal error. *Commonwealth v. Fears*, 86 A.3d 795, 803 (Pa. 2014). This Court grants great deference to the findings of the PCRA court if they are supported by the record. *Commonwealth v. Boyd*, 923 A.2d 513, 515 (Pa. Super. 2007). Additionally, we view the evidence of record in a light most

- 4 -

favorable to the prevailing party below and we are bound by the PCRA court's credibility determinations if they are supported by the record. *Commonwealth v. Flor*, 259 A.3d 891, 902 (Pa. 2021). "We give no such deference, however, to the court's legal conclusions." *Commonwealth v. Smith*, 167 A.3d 782, 787 (Pa. Super. 2017).

The timeliness of a PCRA petition is a jurisdictional requisite. *Commonwealth v. Zeigler*, 148 A.3d 849, 853 (Pa. Super. 2016). A PCRA petition, including a second or subsequent petition, must be filed within one year of the date the underlying judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). However, Pennsylvania courts may consider an untimely PCRA petition if an appellant pleads and proves one of the three exceptions set forth in Section 9545(b)(1) within one year of the date the claim could have been presented. 42 Pa.C.S §§ 9545(b)(1)(i-iii),(b)(2).

Appellant has conceded that his petition is facially untimely and attempts to invoke the timeliness exception under Section 9545(b)(1)(ii). To satisfy this exception, a petitioner must plead and prove "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence." 42 Pa.C.S. § 9545(b)(1)(ii). Our Supreme Court has held that this exception "does not require any merits analysis of the underlying claim." *Commonwealth v. Bennett*, 930 A.2d 1264, 1271 (Pa. 2007). Rather the exception merely requires the petitioner to plead and prove two elements: "1) the facts upon

which the claim was predicated were unknown and 2) could not have been ascertained by the exercise of due diligence." *Id.* at 1272 (internal quotation marks and emphasis omitted), citing 42 Pa.C.S. § 9545(b)(1)(ii).

Due diligence requires a petitioner to make reasonable efforts to uncover facts that may support a claim for collateral relief. *Commonwealth v. Burton*, 121 A.3d 1063, 1071 (Pa. Super. 2015). Moreover, a petitioner must explain why he could not have learned the new facts earlier by exercising due diligence. *Commonwealth v. Breakiron*, 781 A.2d 94, 98 (Pa. 2001).

In his amended PCRA petition and brief to this court, Appellant conflates the requirements for the newly discovered facts exception to the PCRA time-bar with the distinct requirements for a substantive claim of after-discovered evidence in a timely filed petition. *See Commonwealth v. Burton*, 158 A.3d 618, 702-706 (explaining the difference between the two claims) (Pa. 2017). Although not entirely clear, it appears that Appellant avers the "new fact" that each witness is finally willing to cooperate with testifying on his behalf and/or the "new fact" that he finally discovered Wilson and Anderson's legal names. Using the incorrect after-discovered evidence legal standard, Appellant argues that the PCRA court abused its discretion when it found that he failed to plead and prove an exception to the PCRA time-bar. Appellant's Br. at 4, 10. We disagree.

As stated above, Appellant was required to prove "the facts upon which the claim is predicated were unknown to the petitioner and could not have

- 6 -

been ascertained by the exercise of due diligence" in order for the PCRA court to have jurisdiction to consider the merits of his claims. 42 Pa.C.S. § 9545(b)(1)(ii). However, the PCRA court did not find Appellant's testimony to be credible that he exercised due diligence in securing the newly named witnesses' cooperation and testimony.

With regards to Lawrence, the court emphasized that Appellant knew his name and address from growing up with him and failed to demonstrate that he exercised due diligence in obtaining his cooperation. The trial court opined:

> By [Appellant]'s own admission, he was with Lawrence on the day of the homicide and he knew Lawrence's name and address, having lived on the same block of Cleveland Street. [Appellant] was aware that Lawrence had witnessed the shooting and that it involved his cousin, the decedent. While he was incarcerated, [Appellant] was only able to contact Lawrence through third parties and letters, which this Court also finds incredible. None of this correspondence has been provided to this court. Moreover, [Appellant] was aware that Lawrence was interviewed by homicide detectives a week after the instant shooting, but still did not inform his attorney of Lawrence's value as a witness. [Appellant] could have brought this claim any time before, during, or after his trial, and he has not provided a justifiable reason for failing to do so.

PCRA Ct. Op., filed 8/27/21, at 11 (some capitalization omitted).

The PCRA court likewise did not believe Appellant's testimony regarding his efforts to locate Wilson. The court emphasized that Appellant admitted knowing Wilson's name in 2017, rendering this claim, brought three years later, untimely. The court opined:

> Even though [Appellant] was with Wilson on the day of the homicide he wants this court to believe that he could not locate

him because he only knew him by his nickname, and that he was only able to contact him after his federal habeas corpus attorney located him. This court rejects [Appellant]'s assertion that he did not know Wilson's [legal] name as he would have known his name from befriending him while on work release. This court also does not believe that he did not inform his trial attorney of Wilson's existence and his potential utility as a witness at trial. Furthermore, by Petitioner's own admission, he knew Wilson's name from as early as 2017, when he discovered it from a fellow inmate and informed his Wife. For that reason alone, this claim is untimely because [Appellant]'s knowledge of Wilson's [legal] name and address as early as 2017 meant that he would have had sixty days[2] from that date to bring a timely claim.

*Id.* at 10-11 (some capitalization omitted).

Finally, the PCRA court found that Appellant failed to demonstrate due diligence with regards to Anderson, noting that Appellant should have made efforts to secure Anderson's contact information when Anderson visited him in prison:

Appellant may not have known Anderson's [legal] name at the time of the shooting, but Anderson's visit to [Appellant] while he was imprisoned and awaiting trial would have provided enough evidence to contact him. [Appellant] could have informed his trial attorney of the visit and used Anderson's check-in at the prison to discover his [legal] name and address. [Appellant] even admitted that he informed Anderson that his attorney may contact him to testify during this visit, but [Appellant] failed to perform any due diligence to locate him.

*Id.* at 11 (some capitalization omitted).

---

[2] Effective December 24, 2018, Section 9545(b)(2) now provides that for claims arising on or after December 24, 2017, "[a]ny petition invoking an exception . . . shall be filed within one year of the date the claim could have been presented." A prior version of the statute, in effect in 2017, required any claims to be filed within sixty days of the date the claim could have been presented.

Upon review, we observe that Appellant knew that all of these witnesses were present at the time of the shooting. As the PCRA court emphasizes, Appellant fails to demonstrate what efforts he or his attorney made to secure the witnesses' testimony prior to trial and fails to prove that he had exercised due diligence in securing their cooperation. Simply put, the PCRA court did not believe Appellant's explanations regarding his efforts to contact Lawrence, Wilson, and Anderson, and correctly found that Appellant failed to bring his claim regarding Wilson in a timely manner. The record supports the PCRA court's findings, and we decline to reweigh the evidence or usurp the PCRA court's credibility determinations.

In conclusion, Appellant failed to plead and prove any of the timeliness exceptions provided in 42 Pa.C.S. § 9545(b)(1) and the PCRA court properly dismissed Appellant's petition as untimely. The record supports the PCRA court's findings, and its order is free of legal error. We, thus, affirm the dismissal of Appellant's petition.

Order affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/14/2022

- 9 -